IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SILVIA CAROLINA CORTEZ FLORES,** | * | |
| **et al.,** | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No: 1:23-cv-02004-JMC |
| **UR MENDOZA JADDOU, et al.,** | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Silvia Carolina Cortez Flores and Benjamin Santos Padilla, filed the present action on July 26, 2023, seeking the adjudication of Plaintiff Cortez's[1] I-601A Application for Provisional Unlawful Presence Waiver ("I-601A Application"). (ECF No. 1). Presently before the Court is Defendants', Loren K. Miller and Ur Mendoza Jaddou, Motion to Stay (the "Motion"). (ECF No. 9). The Court has considered the Motion, Plaintiffs' Opposition thereto (ECF No. 10), and Defendants' Reply (ECF No. 15). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Defendants' Motion is **GRANTED**.

### I.  BACKGROUND

Plaintiffs represent that Mrs. Cortez, a native of El Salvador and the wife of Mr. Padilla, is a visa applicant that has been unlawfully present in the United States for more than 180 days. (ECF No. 1 at p. 4).[2] However, visa applicants who have been unlawfully present in the United

---

[1] Noting that Plaintiffs refer to Silvia Carolina Cortez Flores throughout their Complaint as "Cortez" or "Mrs. Cortez," the Court will follow suit.

[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of every electronically filed document.

States for more than 180 days are inadmissible and will be barred from reentering the United States unless they obtain a waiver from the United States Citizenship and Immigration Services ("USCIS"). *Id.* The visa applicant may apply for such a waiver by filing a Form I-601A Application with the USCIS. *Id.* at p. 3. Mrs. Cortez submitted her Form I-601A Application on November 13, 2020, which has yet to be adjudicated by the USCIS. *Id.* at p. 4. Accordingly, Plaintiffs allege that Mrs. Cortez's Form I-601A Application has been pending for at least 985 days—despite Congress' directive that the USCIS process immigration benefit applications within 180 days of their filing—and request that the Court order USCIS to issue a final decision on the application within 30 days from the date of any such order. *Id.* at p. 6.

Defendants contend that a stay is appropriate because "the issue of subject matter jurisdiction over I-601A Applications is currently under review by the United States Court of Appeals for the Fourth Circuit in *Lovo v. Miller, et al.*, No. 23-1571." (ECF No. 9 at p. 2). Specifically, Defendants assert that the Fourth Circuit in *Lovo* is considering whether the statutory provision of the Immigration and Nationality Act ("INA") underlying the provisional unlawful presence waiver expressly strips federal courts of jurisdiction to review any government actions (or inactions) regarding such waivers. *Id.* Plaintiffs rebut that staying the case *sub judice* pending the Fourth Circuit's decision in *Lovo* "would present a significant prejudice to the Plaintiffs, denying the stay would pose no such hardship to the Defendants, and there is little concern that allowing this case to proceed would undermine judicial efficiency or economy." (ECF No. 10 at p. 1).

## II.  LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (internal quotation marks omitted). Courts considering a motion to stay generally consider three factors:

> (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted.

*Trice v. Oliveri & Assocs., LLC*, No. GLR-19-3272, 2020 WL 13042297, at *2 (D. Md. Dec. 18, 2020) (quoting *Int'l Refugee Assistance Project, LLC v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018)). "Additionally, courts consider the length of the requested stay . . . ." *Bethel Ministries, Inc. v. Salmon*, No. SAG-19-01853, 2020 WL 1873623, at *2 (D. Md. Apr. 15, 2020) (citation omitted). "Importantly, [t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id.* (citing *Willford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)) (other citation and internal quotation marks omitted).

### III.   DISCUSSION

Considering these factors, staying this case is warranted. The issue being considered in *Lovo* is not insignificant or tangential to the subject matter of this case; rather, the Fourth Circuit's decision in *Lovo* may be dispositive of Plaintiffs' lawsuit, particularly if the Fourth Circuit concludes that federal courts do not have jurisdiction to review the actions or inactions of the USCIS in handling I-601A applications. In other words, this Court could permit this case to proceed, direct the parties to engage in discovery, and expend resources adjudicating potential discovery disputes and/or dispositive motions just for the Fourth Circuit to conclude that this Court had no subject matter jurisdiction to decide the merits of the case in the first place. Permitting parties to engage in possibly unnecessary litigation, along with the costs associated with such and

the Court's resources in overseeing that litigation, does not promote judicial economy, nor does it promote efficiency for the parties whose efforts may be completely disregarded pending the Fourth Circuit's decision in *Lovo*. *See Fowler-Bey v. Johnson*, No. CV PX-18-1235, 2018 WL 11476084, at *1–2 (D. Md. Nov. 30, 2018) (staying case where a "central issue" effecting plaintiff's claim was pending before the Fourth Circuit); *Trump*, 323 F. Supp. at 732 ("Here, this Court concludes that judicial economy will be served by a stay of this case because the resolution of the issues before the [appellate court] will likely have a direct impact on the future course of the case, including on the next decisions this Court must make."); *see also Dawoudi v. Nationstar Mortg., LLC*, No. 16-CV-2356, 2016 WL 8711604, at *2 (N.D. Ill. Sept. 16, 2016) ("Because a decision in the pending appeals would potentially be entirely dispositive of this case and, at a minimum, simplify the issues for the parties and the Court, the stay requested by Plaintiffs is warranted in this case."); *Carroll v. Wilson McColl & Rasmussen, Att'ys at L.*, No. CV 08-22-CWD, 2009 WL 315610, at *2 (D. Idaho Feb. 9, 2009) (staying case to avoid "the expenditure of unnecessary costs, expenses, and time" where appellate court's resolution of an issue would impact plaintiff's claims); *Skulevold v. SD&A Teleservices, Inc.*, No. 220CV2771ABJCX, 2020 WL 7711834, at *7 (C.D. Cal. Nov. 18, 2020) (granting stay in "the interests of efficiency and judicial economy" where "The forthcoming [appellate] decision weigh[ed] on a central issue" in the case); *cf. Pueblo of Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, 1068 (D.N.M. 2016), *aff'd*, 863 F.3d 1226 (10th Cir. 2017) ("Thus, where a motion presents the same legal issues as those which are on appeal, a district court has no jurisdiction over the matters on appeal until the appellate court has ruled."). In fact, the undersigned as well as various other judges of this Court have already granted stays pending the Fourth Circuit's decision in *Lovo* for this reason. *See, e.g.*, *Gomez-Perez v. Miller et al.*, No. 23-cv-00772-JMC, ECF No. 16 (Aug. 11, 2023); *Da Silva v. Jaddou et al.*, No. 23-cv-

4

00940-GLR, ECF No. 9 (Aug. 29, 2023); *Zamora v. Miller, et al.*, No. 23-cv-01759-RDB, ECF No. 5 (Sept. 12, 2012).

Regarding factor two, allowing this case to proceed with the Fourth Circuit's decision in *Lovo* looming over its head may result in forcing Defendants to expend time, money, and resources on a case that should not have been entertained by this Court initially, although the Court notes that the Government is in a better position to expend such resources than certain private parties. *See Trump*, 323 F. Supp. 3d at 735. The potential harm or prejudice to Plaintiffs is more significant, but Plaintiffs' concerns are pled in generalized fashion rather than with specificity. For instance, Plaintiffs' "bottom line is that it is impossible for Plaintiffs to effectively plan for their future while the I-601A application is still pending" and that "this delay not only affects the legal status of Plaintiff [Cortez] but also carries with it a host of consequences, such as employment, family stability, and social integration." (ECF No. 20 at pp. 2–3). But Plaintiffs do not explain how granting the requested stay would exacerbate these issues given that "Plaintiffs' application has already been pending for almost three years" combined with the fact that there is no evidence indicating that Plaintiffs attempted to utilize the expedited application review procedures available to them. *Id.* at 3; *see How to Make an Expedite Request*, U.S. Citizenship & Imm. Servs., https://www.uscis.gov/forms/filing-guidance/how-to-make-an-expedite-request.

Balancing the above findings, the Court believes that staying this case is warranted. "The Court reaches this conclusion not because factors of judicial economy are more important than the potential harm to Plaintiffs, but because the Court is convinced that proceeding with this case now does not necessarily mean that Plaintiffs will receive a faster resolution." *Trump*, 323 F. Supp. 3d at 736. All the potential next steps in this case could be wasted pending the Fourth Circuit's decision. For instance, any dispositive motions would likely require additional briefing once the

Fourth Circuit issues its ruling and "the lack of final resolution of the applicable law would likely prolong and burden the discovery process, such that commencement of discovery at this point may prove less, rather than more, efficient." *Id.* at 736. Similar to previous decisions of this Court, a more appropriate way to address the ongoing harm to Plaintiffs would be to proceed with the case on an expedited basis if the Fourth Circuit does not reach a decision within a reasonably foreseeable amount of time. Although Plaintiffs argue that granting a stay pending the Fourth Circuit's decision would amount to an indefinite stay, this Court has previously concluded that stays are not necessarily indefinite where they are "directly tied" to other proceedings. *See, e.g.*, *NSixty, LLC v. A2Z, Inc.*, No. CV MJG-17-1987, 2018 WL 9944991, at *2 (D. Md. Jan. 4, 2018) ("The Court is certainly mindful of Plaintiff's concern regarding an indefinite stay. However, a stay would not last indefinitely, because it would be directly tied to the [proceedings pending before the other court]."); *Cunningham v. Homeside Fin., LLC*, No. CV MJG-17-2088, 2017 WL 5970719, at *2 (D. Md. Dec. 1, 2017) ("The Court is, however, mindful of Plaintiff's concern regarding an indefinite stay . . . [but] The stay is not indefinite because it is directly tied to the proceedings in that case. Upon issuance of the opinion in the [other case], either party may move to lift the stay."). Thus, the Court will consider lifting the stay "if it appear[s] that a prejudicially lengthy proceeding [is] underway" given that *Lovo* has been fully briefed since August 25, 2023, and this Court can expect a decision any day. *See* (ECF No. 10-1).

IV. **CONCLUSION**

For the foregoing reasons:

1. Defendants' Motion to Stay (ECF No. 9) is **GRANTED**;
2. The case is hereby **STAYED** until the Fourth Circuit publishes its decision in *Lovo v. Miller*, No. 15-1571; and

3. The parties shall provide the Court with status reports regarding the status of *Lovo v. Miller*, No. 15-1571, on the first day of each calendar quarter commencing January 1, 2024, until that case has been decided, in which instance either party may move to lift the stay.

Date: <u>November 3, 2023</u>                                          /s/
                                                                  J. Mark Coulson
                                                                  United States Magistrate Judge